{¶ 27} I concur with the majority as to the analysis and disposition of this case.
 {¶ 28} I write separately on the third assignment of error to express my concern regarding the method used by the trial court to order appellant to irrevocably designate appellee as the beneficiary of appellant's ITT life insurance. While this order may be fair, it should not have been done in the manner used by the trial court. The ITT life insurance policy was granted to the appellant in the final divorce decree in 1996. I find that the order of the trial court requiring the appellant to irrevocably designate the appellee as a beneficiary on this policy is a modification of the original property division made by the trial court. The trial court is without subject matter jurisdiction to modify the property division contained in a divorce decree in a post-decree proceeding. See, for example Doolin v. Doolin
(1997), 123 Ohio App.3d 296, 704 N.E.2d 51.
 {¶ 29} The appellant challenges that property division modification in the trial court in a Motion for Relief from Judgment based on the doctrine of res judicata. But res judicata is somewhat different than subject matter jurisdiction. Generally, res judicata would be raised in a situation in which the trial court had subject matter jurisdiction to act, but should not act because an issue has already been decided as between the same parties. The trial court properly dealt with the res judicata challenge of appellant.[2]
 {¶ 30} The trial court can only change a property division made in the final divorce decree if that final decree, or a portion thereof, is vacated upon proper motion of either party.
[2] In proceedings in the trial court, the appellant contended that the October 31, 2002, order of the court, which ordered the appellant to name appellee as beneficiary to the ITT life insurance, was not a final appealable order. This contention was based on the fact that the Local Rules of Court state that a final appealable order should be designated as such on the order and, the October 31, 2002, order did not carry that designation. I find that the October 31, 2002, order was a final appealable order since an Appellate Court is the appropriate court to make that decision.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed.
Costs to appellant.